# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN D. THOMPSON | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-36 |
| | § | Judge Mazzant |
| WELLS FARGO BANK, N.A. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Dkt. #16). The Court, having considered the relevant pleadings, finds that Defendant's motion should be granted.

## Background

Plaintiff Jonathan D. Thompson filed this lawsuit in state court against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). On January 23, 2012, Wells Fargo removed this action on the basis of diversity jurisdiction (Dkt. #1).

On or about December 5, 2003, Plaintiff purchased the property located at 908 Stone Trail Drive, Flower Mound, Texas 75028 (the "Property") and, in furtherance of the purchase, executed a note payable to Prime Lending, Inc. (the "Original Lender") in the amount of $116,682.00. On or about the same day, Plaintiff executed a Deed of Trust to secure payment of the Note. Thereafter, the Original Lender sold, transferred and/or assigned its interest in Plaintiff's loan. On or about July 30, 2010, Wells Fargo appointed a substitute trustee under the

Deed of Trust. Thereafter, Wells Fargo foreclosed on the Property. Plaintiff contends that "unless [Wells Fargo] can . . . prove up an unbroken chain of title, beginning with the deed of trust executed on or about December 5, 2003, it was without legal authority to effectuate foreclosure proceedings."

On March 3, 2012, the Court entered its Order and Advisory, giving Plaintiff an opportunity

to file an amended complaint (Dkt. #8). Plaintiff did not file an amended pleading. On June 7, 2012, Defendant filed a motion to dismiss (Dkt. #16). Plaintiff did not file a response. Since Plaintiff has not complied with the Court's prior Order to file an amended complaint, the Court is not required to give Plaintiff another opportunity to file an amended complaint, and will decide the motion based upon his state court petition.

**Legal Standard**

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R.

Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## Analysis

Defendant asserts the following reasons for dismissal: (1) Plaintiff's entire complaint is based upon pure speculation that Wells Fargo cannot prove an unbroken chain of title with respect to the subject Note and Deed of Trust; (2) Plaintiff fails to offer any facts in support of his claims; (3) Plaintiff's suit to quiet title claim should be dismissed because Plaintiff failed to allege any facts that Wells Fargo lacked the power or authority to offer the Property for sale or any other defect or irregularity in the sale which would render the foreclosure sale void; and (4) Plaintiff's action for declaratory relief should be dismissed because Plaintiff has failed to state a plausible claim against Wells Fargo and because Plaintiff has failed to allege a current controversy between the parties regarding the Property.[1]

Essentially, Defendant asserts that Plaintiff's entire Complaint should be dismissed as Plaintiff only asserts purely speculative conclusions without any factual support other than Plaintiff's purported personal belief. The Court has reviewed Defendant's motion and finds that it should be granted. Plaintiff's petition fails to allege any plausible claims, and the case should be dismissed. Plaintiff fails to plead facts to support any of the asserted claims, and conclusory statements are not

---

[1] Local Rule CV-7(d) provides as follows:
**Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. **In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.** (Emphasis added).

Since Plaintiff has not filed a response, the Court will assume that they are not opposed to the Court granting Defendant's motion to dismiss.

sufficient.

> A court recently addressed this issue and found as follows:
>
> Plaintiff has no standing to contest the various assignments as she was not a party to the assignments. Even if she has standing, her allegations are without merit because MERS was given the authority to transfer the documents in the Deed of Trust. The Restatement (3d) of Property offers no support for Plaintiff's claims. As MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage. See Comment e to the Restatement (3d) of Property (Mortgages) § 5.4. Section 5.4 additionally notes that a "transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise." Plaintiff makes no allegations that the parties in this case agreed otherwise. Finally, while the Note may not specifically mention MERS, the Note and Deed of Trust must be read together in evaluating the terms…thus, the Note and Deed of Trust are construed together as a single instrument.

*Eskridge v. Fed. Home Loan Mortg. Corp. et al.*, No. 6:10-CV-00285-WSS, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011).

Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note. *See Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011); *Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-GBD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June. 22, 2011); *Dillard v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0091-N, slip op. at 4 n.1 (N.D. Tex. Apr. 16, 2010), *appeal dismissed*, No. 11-10069 (5th Cir. Apr. 21, 2011); *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. Mortgage Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 165-66 (Tex. App.—Eastland 2010, pet. denied); Tex. Prop. Code § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note).

Plaintiff fails to plead sufficient facts that would make any of his claims plausible. The Court has previously given Plaintiff an opportunity to file an amended complaint, but he failed to take action. Furthermore, he failed to respond to the motion to dismiss.

It is therefore ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Dkt. #16) is hereby GRANTED and Plaintiff's case is DISMISSED with prejudice.

**SIGNED this 11th day of July, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE